**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  CHRISTOPHER JOHN HAMILTON; ELIZABETH LEIGH TESOLIN, <br><br> Debtors, <br> ———————————————— <br><br> CHRISTOPHER JOHN HAMILTON; ELIZABETH LEIGH TESOLIN, <br><br> Appellants, <br><br> v. <br><br> ELITE OF LOS ANGELES, INC.; SAN DIEGO TESTING SERVICES, INC., <br><br> Appellees. | No.    19-55441 <br><br> D.C. No. <br> 3:18-cv-02341-GPC-NLS <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted February 6, 2020
Pasadena, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BOGGS,[**] IKUTA, and CHRISTEN, Circuit Judges.

Appellant Christopher Hamilton appeals from a district court order affirming a bankruptcy court's ruling that the automatic stay in his Chapter 11 proceeding did not apply to a state-court action filed by appellees Elite of Los Angeles, Inc. and San Diego Testing Services, Inc. (Elite) against third-party Hamilton College Consulting (HCC). *See Hamilton v. Elite of L.A., Inc.*, No. 18-CV-2341-GPC-NLS, 2019 WL 1259164 (S.D. Cal. Mar. 19, 2019). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.[1]

The automatic stay arising from 11 U.S.C. § 362(a) generally protects only the debtor, the property of the debtor, and the property of the estate. *Chugach Timber Corp. v. N. Stevedoring & Handling Corp.* (*In re Chugach Forest Prods., Inc.*), 23 F.3d 241, 246 (9th Cir. 1994)). It does not apply to "actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *Id.* (quoting *Advanced Ribbons and Office Prods., Inc. v. U.S. Interstate Distrib., Inc.* (*In re Advanced Ribbons & Office Prods.*), 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)).

---

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] Because the parties are familiar with the factual and procedural history of this case, we recount it only as is necessary to explain our disposition.

The parties do not dispute that Hamilton is liable to Elite for a prepetition judgment that the bankruptcy court determined was nondischargeable in Chapter 11, *see In re Hamilton*, 785 F. App'x 438, 439 (9th Cir. 2019), nor that HCC entered into an indemnity agreement with Hamilton for the nondischargeable judgment.

Elite argues that HCC's indemnity agreements with Hamilton make it contractually liable for the judgment. *See generally* Cal. Civ. Code § 2778(1). Elite did not name Hamilton as a defendant in the state-court action, but instead seeks to recover directly from HCC pursuant to a state law that authorizes creditor actions against third parties indebted to a judgment debtor. *See* Cal. Civ. Code Proc. § 708.210.

Hamilton contends that *Chugach* does not apply because indemnity differs from surety or guaranty, the types of non-debtor liability we specifically identified in that case. *See Chugach*, 23 F.3d at 246. He argues that because HCC's liability for the nondischargeable judgment arises, if at all, pursuant to the indemnity agreements, HCC is liable solely to Hamilton, and any payment HCC owes is property of the estate subject to the automatic stay.

We are unpersuaded that the distinct nature of indemnity overcomes our holding in *Chugach* that the automatic stay does not apply to actions against "non-

3

debtor parties liable on the debts of the debtor." *Id.* (quoting *Advanced Ribbons*, 125 B.R. at 263); *see also* Cal. Civ. Code § 2778(1) (providing rule of contract interpretation that "[u]pon an indemnity against liability . . . the person indemnified is entitled to recover upon becoming liable"). The bankruptcy court did not err by concluding that the automatic stay did not extend to Elite's state-court action against HCC.

**AFFIRMED**.